ALLEGANY OYER AND TERMINER. April, 1852. Before *Marvin*, Justice of the Supreme Court, and the Justices of the Sessions.

## THE PEOPLE *vs.* ALBERT WARREN.

A trial and acquittal, on an indictment, charging the defendant with having mixed arsenic with flour, and with having caused it to be administered to one Louisa Loveland, with intent to kill and slay her, are no bar to a subsequent indictment, charging the same defendant with the same act in mixing the arsenic, and causing it to be administered to one William P. Loveland, with intent to kill and slay him.

The indictment charged the mixing of poison, arsenic, with flour and causing and procuring it to be administered to one *William P. Loveland,* with intent to kill and slay him. It contained several counts.

The defendant pleaded in bar that he was arraigned and tried in August, 1851, upon another indictment charging him with the same identical *acts,* that is, the mixing the poison with the flour, and causing and procuring it to be administered to one *Louisa Loveland,* with intent to kill and slay her, and that upon such trial he was acquitted. The people demurred to the plea.

*A. L. Davison* (Dist. Att'y), for the People.

*Hawley & Grover,* for defendant

The People *v.* Warren.

MARVIN, Presiding Justice   The demurrer is well taken. The former trial and acquittal are not a bar to the present indictment.   The two indictments are not for the same identical *act and crime.*   (4 *Black. Com.* 346; 1 *Russ. on Cr.* 829, 836.) The *act* of mixing the poison with the flour, and furnishing it to the persons who subsequently used it and partook of it, is the same act of the defendant in the *present* as in the *former* case, and if we assume that the defendant by the same single act administered or caused and procured the poison to be administered to the two persons, the *intent* charged in the present case is not the same *intent* charged in the former indictment; there it was to kill Louisa, here to kill William.

The *intent* in these cases is the material constituent of the crime.   Though the acts may have been the same, the crimes, as charaterized by the intent, are different.

Upon the trial of the former indictment, the defendant could not have been convicted of the crime charged in the present indictment, though the jury should have been satisfied that the defendant administered the poison with *intent to kill William P. Loveland,* and that is the test whether a former acquittal or conviction is a bar.   (*Rex* v. *Vandercomb,* 2 *Leach,* 708; *cited in* 1 *Russ. on Cr.* 831; *Arch. Cr. Plea.* 87; 1 *Ch. Cr. L.* 452; *Commonwealth* v. *Raby,* 12 *Pick.* 496.)

The plea is overruled.

NOTE.—See Burns et al v. The People, page 182.